# **EXHIBIT A**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Milton Orozco</u>
 Plaintiff

Case # _____
Judge  _____

vs.
<u>First Service Residential Boca Inc</u>
 Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☒ $75,001 - $100,000
- ☐ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

Case 1:22-cv-21704-KMW   Document 1-2   Entered on FLSD Docket 06/03/2022   Page 3 of 19

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation


**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason S Remer                                     Fla. Bar # 165580
               Attorney or party                                              (Bar # if attorney)

Jason S Remer                              04/20/2022
 (type or print name)                          Date

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA |
| MILTON OROZCO, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE No.: |
| v. |  |
| FIRSTSERVICE RESIDENTIAL BOCA, INC. dba ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT |  |
| Defendants. _____/ |  |

## COMPLAINT

Plaintiff, MILTON OROZCO ("Plaintiff"), on behalf of himself by and through undersigned counsel, files this Complaint against Defendant, FIRST SERVICE RESIDENTIAL BOCA, INC. dba ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT (referred to as "Defendant") and states as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant is a Florida Profit Corporation having its main place of business in Miami, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendant as a doorman March of 2019 through November of 2021.

9. Plaintiff worked an average of 70 hours per week.

10. Defendant failed to pay Plaintiff the proper overtime for all hours worked in excess of 40 hours weekly.  Defendant failed to pay Plaintiff for minimum wages and overtime wages for all hours worked.

11. At all times material hereto, Plaintiff and Defendant was engaged in an implied agreement that Plaintiff would be employed by Defendant and that Plaintiff would be properly paid as

provided for by and not in violation of the laws of the United States and the State of Florida.

12. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I

### Wage & Hour Federal Statutory Violation Against

FIRST SERVICE RESIDENTIAL BOCA, INC. dba ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

14. This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

15. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

16. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of

       other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

17. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

18. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

19. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

20. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

21. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

22. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date:  April 15, 2022

Respectfully submitted,

  /s/ Jason S. Remer

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA |
| MILTON OROZCO, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE No.: 2022-007277-CA-01 |
| v. |  |
| FIRSTSERVICE RESIDENTIAL BOCA, INC. dba ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT Defendants. _____/ |  |

<u>SUMMONS IN A CIVIL CASE</u>

**TO:** FIRSTSERVICE RESIDENTIAL BOCA, INC.
through its Registered Agent:
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                                           DATE

_____

(BY) DEPUTY CLERK

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA |
| MILTON OROZCO, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE No.: 2022-007277-CA-01 |
| v. |  |
| FIRSTSERVICE RESIDENTIAL BOCA, INC. dba ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT |  |
| Defendants. |  |
| _____/ |  |

## SUMMONS IN A CIVIL CASE

**TO:** FIRSTSERVICE RESIDENTIAL BOCA, INC.
through its Registered Agent:
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

4/25/2022
_____

CLERK                     DATE

_____ /36565
(BY) DEPUTY CLERK

Filing # 148167016 E-Filed 04/21/2022 05:08:39 PM

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA |
| MILTON OROZCO, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE No.: 2022-007277-CA-01 |
| v. |  |
| FIRSTSERVICE RESIDENTIAL BOCA, INC. dba ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT Defendants. _____/ |  |

CERTIFIED PROCESS SERVER # 067
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 5-4-22 TIME 11:50

SUMMONS IN A CIVIL CASE



**TO:** FIRSTSERVICE RESIDENTIAL BOCA, INC.
through its Registered Agent:
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

4/25/2022

_____
CLERK                    DATE

_____/36565
(BY) DEPUTY CLERK

Filing # 148056922 E-Filed 04/20/2022 03:01:28 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA

MILTON OROZCO,

    Plaintiff,

v.

FIRSTSERVICE RESIDENTIAL BOCA, INC. dba
ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT

    Defendants.
_____/

GENERAL JURISDICTION DIVISION

CASE No.:

## COMPLAINT

Plaintiff, MILTON OROZCO ("Plaintiff"), on behalf of himself by and through undersigned counsel, files this Complaint against Defendant, FIRST SERVICE RESIDENTIAL BOCA, INC. dba ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT (referred to as "Defendant") and states as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3.  Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4.  Defendant is a Florida Profit Corporation having its main place of business in Miami, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5.  Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

6.  Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.  Plaintiff performed work for Defendant as a doorman March of 2019 through November of 2021.

9.  Plaintiff worked an average of 70 hours per week.

10. Defendant failed to pay Plaintiff the proper overtime for all hours worked in excess of 40 hours weekly. Defendant failed to pay Plaintiff for minimum wages and overtime wages for all hours worked.

11. At all times material hereto, Plaintiff and Defendant was engaged in an implied agreement that Plaintiff would be employed by Defendant and that Plaintiff would be properly paid as

provided for by and not in violation of the laws of the United States and the State of Florida.

12. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I

### Wage & Hour Federal Statutory Violation Against
FIRST SERVICE RESIDENTIAL BOCA, INC. dba ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

14. This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

15. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

16. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of

other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

17. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

18. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

19. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

20. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

21. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's

   employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

22. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date: April 15, 2022

Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005