UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21704-CIV-WILLIAMS/MCALILEY

MILTON OROZCO,

      Plaintiff,

vs.

FIRSTSERVICE RESIDENTIAL BOCA, INC.,

      Defendant.

_____/

## **REPORT AND RECOMMENDATION**

      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 201-219. The parties reached a settlement of this action, and they filed a Joint Motion to Approve Settlement Agreement, to Dismiss with Prejudice, and to Retain Jurisdiction. (ECF No. 23). The Honorable Kathleen M. Williams referred the matter to me to determine whether the parties' compromise is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions. (ECF No. 10 at 6) (quoting *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). This review requires the Court to also determine whether the amount of the settlement designated as fees for Plaintiff's counsel is reasonable. *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

      The parties attached to their Motion a copy of the parties' settlement agreement, which I reviewed. It provides that Defendant will pay Plaintiff $4,750.00 in unpaid wages, $4,750.00 in liquidated damages, and $500.00 that represents consideration paid in exchange for certain provisions in the settlement agreement, for a total payment of

$10,000.00. (ECF No. 23-1 at 1-2). In his Statement of Claim, Plaintiff estimated that Defendant owes him $10,728.48 in unpaid wages, and he claimed entitlement to liquidated damages in the same amount. (ECF No. 11 at 1-2). In its Response, Defendant responded that it paid Plaintiff the proper amount for all hours worked, and Plaintiff is not entitled to any unpaid wages. (ECF No. 15). I conclude that Plaintiff's recovery in settlement of nearly the entire amount of his claimed unpaid wages is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

The settlement agreement provides that Defendant will pay Plaintiff's counsel $6,979.00 as compensation for Plaintiff's attorneys' fees, and $521.00 for costs of this action, for a total payment of $7,500.00. (ECF No. 23-1 at 2). At my direction, Plaintiff's counsel, Jason Saul Remer, emailed to chambers his billing records, which I reviewed.

The billing records, docket of this action and Joint Motion document that Plaintiff's counsel's duties included drafting the Complaint and a Statement of Claim, participating in discovery, engaging in settlement negotiations, and reviewing the written settlement agreement and Joint Motion. Mr. Remer's billing records show the total amount of attorneys' fees invoiced ($6,979.00), plus the invoiced costs ($521.00), total $7,500.00. Although on the high end, I find that Plaintiff's counsel's $400.00 per hour billing rate is reasonable under the circumstances. I also find that it is reasonable to compensate Plaintiff's counsel $7,500.00 in attorneys' fees and costs.

Last, the parties ask the Court to retain jurisdiction to enforce the settlement agreement. The agreement provides that Defendant shall make full payment within fifteen (15) days after the Court's approval of the settlement agreement. (ECF No. 23-1 at

2

2). I recommend that the Court retain jurisdiction through December 16, 2022, which I believe is a reasonable period for the parties to determine if there is a need to return to the Court to enforce the agreement.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court grant the Joint Motion to Approve Settlement Agreement, to Dismiss with Prejudice, and to Retain Jurisdiction (ECF No. 23), approve the parties' settlement agreement (ECF No. 23-1), dismiss this action with prejudice, retain jurisdiction until December 16, 2022, and instruct the Clerk of Court to close this case.

**No later than three (3) business days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 27th day of October 2022.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE