UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-21704-CIV-WILLIAMS

MILTON OROZCO,

    Plaintiff,

vs.

FIRSTSERVCE RESIDENTIAL
BOCA, INC.,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on U.S. Magistrate Judge Chris M. McAliley's Report and Recommendation ("***Report***") (DE 26) on the Parties' Joint Motion to Approve Settlement Agreement ("***Joint Motion***") (DE 23) in the above-captioned case.

On April 15, 2022, Plaintiff Milton Orozco ("***Plaintiff***") initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Defendant FirstService Residential Boca, Inc. ("***Defendant***"), pursuant to the Fair Labor Standards Act ("***FLSA***"), codified at 29 U.S.C. § 201, *et seq.* (DE 1-2.) On June 3, 2022, Defendant removed this action to the Southern District of Florida. (DE 1.) On September 27, 2022, Defendant filed a notice indicating that the Parties reached a settlement in this matter. (DE 20.) In accordance with the Court's September 28, 2022 Paperless Order Requiring Joint Stipulation of Dismissal (DE 22), the Parties have filed the instant Joint Motion. (DE 23.) The Parties request that the Court approve their Settlement Agreement (DE 23-1), dismiss this action with prejudice, and retain jurisdiction to enforce the Settlement Agreement. (DE 23 at 1, 4.) Judge McAliley has since issued her Report, recommending that the Court grant the Joint Motion and approve the Settlement Agreement. (DE 26 at 3.) No objections to the Report have been filed.

To approve a settlement agreement in an FLSA action, a federal district court must determine that the compromise reached between the parties constitutes a fair and reasonable resolution of a *bona fide* FLSA dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Further, when a plaintiff is represented by counsel, review of the reasonableness of attorney's fees serves to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

Here, under the Parties' Settlement Agreement, Defendant intends to pay Plaintiff $4,750.00 in unpaid wages, $4,750.00 in liquidated damages, and $500.00 as consideration for certain provisions of the Settlement Agreement. (DE 23-1 at 1–2.) Additionally, Defendant intends to pay Plaintiff's counsel $6,979.00 as compensation for Plaintiff's attorney's fees and $521.00 as compensation for costs of this action. (*Id.* at 2.) Judge McAliley has found that the Parties' compromise constitutes a fair and reasonable resolution of this dispute. (DE 26 at 2.) Upon an independent review of the Report, the Parties' Joint Motion and Settlement Agreement, the underlying record, and relevant case law, the Court agrees.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The conclusions in Judge McAliley's Report (DE 26) are **AFFIRMED AND ADOPTED**.
2. The Parties' Joint Motion (DE 23) is **GRANTED**.
3. The Parties' Settlement Agreement (DE 23-1) is **APPROVED**.
4. This action is **DISMISSED WITH PREJUDICE** and each side will bear its own fees and costs, except as otherwise provided in this Order and the Parties' Settlement Agreement. (DE 23-1.)
5. This case remains closed.

**DONE AND ORDERED** in Chambers in Miami, Florida on this <u>9th</u> day of January, 2023.

                                                                         KATHLEEN M. WILLIAMS
                                                                         UNITED STATES DISTRICT JUDGE